UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTEBAN BENITO HERNANDEZ,

Petitioner,

-v-

TODD M. LYONS *et al.*,

Respondents.

26 Civ. 233 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court, having examined the petition in this action, Dkt. 1, which petitioner filed

pursuant to 28 U.S.C. § 2241, hereby ORDERS that:

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's

Office for the Southern District of New York that this Order has issued, including at the

following email address: jeffrey.oestericher@usdoj.gov.

By **Thursday, January 15, 2026**, the U.S. Attorney's Office shall file an answer or other

pleadings in response to the petition.  This filing should address, *inter alia*, whether the facts of

this case are materially distinguishable from those in the Court's recent decision in *Yao v.

Almodovar*, No. 25 Civ. 9982 (PAE), 2025 WL 3653433 (S.D.N.Y. Dec. 17, 2025).

Petitioner may file reply papers, if any, by **Tuesday, January 20, 2026**.

To preserve the Court's jurisdiction pending a ruling on the petition, petitioner shall not

be removed from the United States unless and until the Court orders otherwise.  *See, e.g.*, *Du v.

U.S. Dep't of Homeland Sec.*, No. 25 Civ. 644, 2025 WL 1317944, at *1 (D. Conn. Apr. 24,

2025) (enjoining defendants from "removing any Plaintiffs or putative class members from the

District of Connecticut, and from deporting them from the United States" because "a federal

court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases"); *Ozturk v. Hyde*, No. 25 Civ. 10695, 2025 WL 1009445, at *11 (D. Mass. Apr. 4, 2025) ("To allow the Court's resolution of its jurisdiction to decide the Petition, Ozturk shall not be removed from the United States until further Order of this Court." (citation omitted)); *Leuthavone v. Salisbury*, No. 97 Civ. 556, 2025 WL 1135588, at *2 (D.R.I. Apr. 17, 2025) (granting a stay of removal "to maintain the status quo and preserve the Court's ability to adjudicate the habeas petition"); *Khalil v. Joyce*, No. 25 Civ. 1935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States unless and until the Court orders otherwise."); *see also Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act, 28 U.S.C. § 1651, authorizes a federal court to protect that jurisdiction." (cleaned up)); *Garcia-Izquierdo v. Gartner*, No. 4 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (under the All Writs Act, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (All Writs Act provides federal court of appeals reviewing a final removal order with basis to stay removal).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 12, 2026
         New York, New York

2