UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ESTEBAN BENITO HERNANDEZ,<br><br>                        Petitioner,<br><br>            -v-<br><br>TODD M. LYONS *et al.*,<br><br>                        Respondents. | 26 Civ. 233 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On January 6, 2026, petitioner Esteban Benito Hernandez, a noncitizen, was arrested

by Immigration and Customs Enforcement ("ICE").  He now petitions for a writ of habeas

corpus under 28 U.S.C. § 2241.  He challenges his immigration detention as unlawful.  Because

Hernandez filed his petition while physically detained in New Jersey, the Court orders this case

transferred to the District of New Jersey.

I.      **Background**[1]

        A.      **Hernandez's Detention**

Hernandez is a citizen of Mexico.  Calidonio Decl. ¶ 2.

On January 6, 2026, ICE officers arrested Hernandez in the Bronx.  Pet. ¶ 2.  The same

day, they transported him to 26 Federal Plaza in Manhattan for post-arrest processing.  Calidonio

Decl. ¶ 3.  On January 7, 2026, Hernandez was transferred to Delaney Hall Detention Facility in

Newark, New Jersey.  *Id.* ¶ 4.  He remained at that facility until January 13, 2026.  *Id.*  On

---

[1] This account draws on Hernandez's petition, Dkt. 1 ("Pet."), and ICE's declaration by assistant
field office director Carla Calidonio, Dkt. 8 ("Calidonio Decl.").

January 13, 2026, he was transferred to Adams County Correctional Center in Natchez, Mississippi, where he is currently detained. *Id.* ¶ 5.

### B.        This Litigation

On January 12, 2026, Hernandez's counsel filed this habeas petition. The same day, the Court set a briefing schedule.[2] Dkt. 4. On January 15, 2026, ICE opposed, Dkt. 7 ("Opp'n"), and filed a supporting declaration, Dkt. 8 ("Calidonio Decl."). On January 16, 2026, Hernandez replied. Dkt. 9 ("Reply").

## II.    Discussion

ICE argues that this case should be transferred to the District of New Jersey. It asserts that venue is proper only in that district because Hernandez was physically detained there at the time he filed his habeas petition. Opp'n at 3–6 & n.4. Hernandez does not dispute those facts. Instead, he argues that the "convenience of the parties and this Court" favor adjudicating his petition in this District. Reply at 2.

ICE is correct.

Where a habeas petition challenges "present physical confinement, jurisdiction lies in only one district: the district of confinement." *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). The district of confinement is the one in which the petitioner was physically present at the time his habeas petition was filed. *Ozturk*, 136 F.4th at 391.

It is undisputed that Hernandez was not physically present in this District when his counsel filed his habeas petition on January 12, 2026. At the time, he was detained in the

---

[2] To preserve its jurisdiction, the Court directed ICE not to remove Hernandez from the United States during the pendency of this action. Dkt. 4 at 1–2.

2

District of New Jersey.  *See* Calidonio Decl. ¶ 4; Reply ¶ 3.  Venue is therefore proper in "only one district": the District of New Jersey.[3]  *Ozturk*, 136 F.4th at 391; *see, e.g.*, *Khalil v. Joyce*, 771 F. Supp. 3d 268, 291–92 (S.D.N.Y. 2025) (transferring immigration habeas case to district where petitioner was detained at time he filed his petition); *Andoh v. Barr*, No. 19 Civ. 8016 (PAE), 2019 WL 4511623, at *5 (S.D.N.Y. Sept. 18, 2019) (same); *Llugsha v. Doe*, No. 25 Civ. 9373, 2025 WL 3470056, at *1–2 (S.D.N.Y. Dec. 3, 2025) (same); *Saamishvili v. Flanagan*, No. 25 Civ. 9181, 2025 WL 3090134, at *1 (S.D.N.Y. Nov. 5, 2025) (same).

To preserve the status quo and ensure Hernandez has an opportunity to have his petition considered by a court where venue is proper, the Court's January 12, 2026 Order—directing ICE not to remove Hernandez from the United States during the pendency of this case, Dkt. 4 at 1–2—shall remain in effect unless and until the transferee court orders otherwise.  *See, e.g.*, *Khalil*, 771 F. Supp. 3d at 291; *Llugsha*, 2025 WL 3470056, at *2; *Saamishvili*, 2025 WL 3090134, at *1.

**CONCLUSION**

For the above reasons, the Court directs the Clerk of Court to transfer this case to the United States District Court for the District of New Jersey.  Consistent with the Government's request, the Clerk of Court shall do so forthwith, notwithstanding Local Civil Rule 83.1.[4]  Unless

---

[3] Hernandez argues that, notwithstanding his physical presence in the District of New Jersey, "convenience" of the parties and the Court supports venue in the Southern District of New York. Reply at 1–2.  That position is foreclosed by Supreme Court and Second Circuit precedent.  *See J.G.G.*, 604 U.S. at 672; *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Ozturk*, 136 F.4th at 391.

[4] *See* Opp'n at 7 n.5 ("Should the Court transfer the case, to minimize any delay in having the case heard in the proper forum, the [G]overnment respectfully requests that the Court waive the seven-day waiting period contained in Local Civil Rule 83.1.").

and until the transferee court orders otherwise, ICE shall not remove Hernandez from the United States.  *See* Dkt. 4 at 1–2.

The Court directs the Clerk of Court to terminate the motion pending at docket 6.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: January 20, 2026
       New York, New York